UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JOHN ERIC THOMAS, ) | |
| ) | |
| Plaintiff ) | |
| ) | CAUSE NO. 3:06-CV-263 RM |
| v. ) | |
| ) | |
| PAMELA BANE, *et al.*, ) | |
| ) | |
| Defendants ) | |

<u>OPINION AND ORDER</u>

John Eric Thomas, a *pro se* prisoner, submitted a complaint without payment of the filing fee. Though he did not file an *in forma pauperis* petition, it would have been of no merit if he had done so. A prisoner may not bring a civil action or appeal *in forma pauperis* if he has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it was frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). This is commonly known as the "three strikes" provision. Mr. Thomas has accumulated five strikes.

The records of the United States District Court for the Northern District of Indiana confirm that the disposition of two cases qualify as a "strikes" within the meaning of §1915(g):

(1) <u>Thomas v. Roby</u>, 3:93-CV-010, dismissed on January 19, 1993 because it was frivolous; and

>   (2) Thomas v. Hayes, 3:04-CV-581, dismissed on October 20, 2004 because it did not state a claim.

The records of the United States District Court for the Southern District of Indiana confirm that the disposition of one case and two appeals filed by Mr. Thomas qualify as "strikes" within the meaning of §1915(g):

>   (3) Thomas v. Gant, IP98-C-1334, district court found that appeal No. 02-2484 was not taken in good faith on February 24, 2003 - circuit court dismissed the appeal without disturbing that ruling on September 5, 2003;
>   (4) Thomas v. Marsh, TH02-C-177, dismissed on July 2, 2002 because it did not state a claim; and
>   (5) Thomas v. Marsh, TH02-C-177, district court found that appeal No. 02-2831 was not taken in good faith on August 7, 2002 - circuit court dismissed the appeal without disturbing that ruling on April 10, 2003.

An inmate with three or more "strikes" "can use the partial prepayment option in § 1915(b) only if in the future he 'is under imminent danger of serious physical injury.'" Abdul-Wadood v. Nathan, 91 F.3d 1023, 1025 (7th Cir. 1996). Mr. Thomas' complaint for monetary damages alleging corruption related to the parole board does not qualify as an allegation that he is currently under imminent danger of serious physical injury. Accordingly, 28 U.S.C. § 1915(g) mandates the court deny him leave to proceed *in forma pauperis*. Mr. Thomas may still proceed with this action, but to do so he must pay the full amount of the filing fee in advance.

For the foregoing reasons, the court:

>   (1) **DENIES** John Eric Thomas leave to proceed *in forma pauperis*;
>
>   (2) **GRANTS** him to and including May 19, 2006, within which to pay the $350.00 filing fee; and

(3) **ADVISES** him that if he does not pay the filing fee by that date, this case will be dismissed without further notice without affecting his obligation to pay the filing fee in installments.

ENTERED: May  1 , 2006

/s/ Robert L. Miller, Jr.
Chief Judge
United States District Court